### HIECOCK *vs.* HIECOCK.

Magistrates have at common law no authority to take security by way of recognizance for the prosecution of suits. If therefore such recognizance be taken by a Magistrate, not being authorised by statute to take it, it is void and the suit will abate in all cases where the law requires security to be taken for the prosecution.

THE writ of *Audita Querela* in this case, which was originally brought before the County Court, was signed by Samuel Williams, Ch. J. and S. Safford Assist. J. of the County Court. The recognizance was certified as taken before S. Williams only, and was in fact taken in the absence of the other Judge.*

This matter was pleaded in abatement in the Court below, and the Court rendered judgment that the writ abate. The plaintiff entered an appeal, and in this Court the defendant relied on the same plea.

*Langdon* for the defendant. The allowing of this writ by two Judges of the County Court is by statute; and it must be allowed in the manner pointed out by statute, or it is void.

The statute requires that writs of *Audita Querela,* returnable before the County Court, shall be allowed and signed by two Judges of the County Court, and that surety shall be taken by the Judges allowing the writ. Here two Judges have signed the writ, and but one Judge took the recognizance, as appears by a certificate of the recognizance annexed. He cited the case—Treasurer of the State against Downer—in this Court as in point. The case was this:—A. had been ordered by a Justice of the Peace to find sureties for his appearance before the Supreme Court on a complaint for ——. For want of sureties he was committed to the common gaol in Rutland.—He was afterwards let to bail by a Justice of the Peace, who took a recognizance of the said A. as principal, and Downer as surety, for the appearance of the said A. before the Supreme Court. A. made default, and a suit was brought against Downer on the recognizance. The power of bailing in such case is by statute given to a Judge of the Supreme or County Court. The Court decided, that as the power of bailing in that case was given by statute, and as it did not authorise a Justice of the Peace to take a recognizance

---

* By a subsequent statute, one Judge is authorised to take such recognizance.

*Rutland,*
*July adj'd*
*term, 1797.*

Hiecock
*vs*
Hiecock.

in such case, he had no power to take it, and the recognizance was therefore void.    And though it was urged in that case that a Justice of the Peace might as incident to  his office take such recognizance, yet the Court decided  that he could not, and gave judgment for the defendant.

   *C. ·Smith* for the plaintiff.    The writ of *Audita Querela* is a writ of common right ; and the Judges have, at common law, power to allow the writ independent of the statute.    And as Judges of a Court of Record each has power to take recognizances.    The recognizance in this case having been taken  by  a Judge vested with such power is valid.    This differs it from the case, Treasurer against Downer, in which case the recognizance was taken by a Justice of the Peace having no  such general power.    But if the  recognizance was not legally taken,  security might  have been taken in the Court below, and it may be here taken.—There  is therefore  no reason why the writ should abate.

   *By the Court.*    The writ of *Audita Querela* in this case is allow-ed by statute, and if it cannot be supported by statute the writ must abate.    The statute expressly requires that sufficient security be ta-ken for the re-delivery of the property, &c. by the Judge (of the Su-preme Court) or Judges of the County Court allowing the writ.    If no  security be taken, the writ  ought to abate,  or  rather to  be set aside because irregularly issued.  The security is to be taken by way of recognizance;  and  the Judges have no authority to take a recog-nizance but  that which they derive from the statute.    This is near-ly the same point  which was  rightly  decided in the  case against Downer which has been cited by the defendant's counsel.    That in this case the Judges are Judges of a Court of Record, does not vary the case, for they did not in  this  case  act  as a  Court.    That the power of taking recognizances in certain cases is incident to a Court of Record  may be  true ; but neither Judges nor  Justices of the Peace have power at common law to take security by way of recog-nizance for the prosecution of suits—their power in such case is de-rived solely from statute.—The recognizance in this  case taken by one Judge only is therefore void.    It was obviously the intention of the Legislature,  that the two Judges allowing the writ should exer-cise their discretion as to the sufficiency of the security,  and the se-

curity must be taken on the allowance of the writ. It would be mischievous to permit a debtor to make use of this writ to discharge his body or property from what appears to be a legal demand of the creditor, without having first given the security required, and permit him afterwards, to save his process, to enter a recognizance in Court.

*Rutland,*
July adj'd
term, 1797.

Hiecock
*vs*
Hiecock.

Judgment that the writ abate.

---

*A correction of some facts stated in the Preface.*

IN writing the Preface to the Reports, I inadvertently made an incorrect statement of some facts which I take the earliest opportunity to correct. I should probably have discovered and corrected them, could I have examined the copy as it was put to press, but was prevented by sickness from paying any attention to the copy until the Preface and most of the Reports were printed.

The Nisi Prius system was established in the year 1814—not in the year 1813; and was continued seven years only, instead of eight years as stated in the Preface.

It is stated in the Preface, that the number of causes on the docket of the Supreme Court in the several Counties at the commencement of the year 1822, was not so great as at the commencement of the present year.